## APOLLOS CLAPP *vs.* JOEL R. SHEPARD & another.

In order to maintain a bill in equity under the Rev. Sts. *c.* 81, § 8, to compel the delivery of property detained, &c. so that it cannot be replevied, the plaintiff must show that he has a legal right to maintain an action of replevin, and that such action cannot be effectually prosecuted by reason of the concealment, &c. of the property of the defendant.

An equitable assignee of a chose in action cannot maintain replevin to recover possession of it against the legal owner.

After dissolution of a partnership, J. P., one of the firm, assigned his interest in the concerns thereof to J. H. P., and a debtor of the firm gave his note, in settlement of the debt, payable to said J. H. P. or order. Arbitrators, selected by the partners to adjust their differences, by their award assigned said note to C., one of the firm, and C. gave notice thereof to the maker of the note, and forbade his paying it to any other person. The note never came into C.'s possession ; but J. P. took it, and indorsed it, as attorney of J. H. P., to a third person who called on the maker and received payment thereof from him, after C. had given him said notice. C. afterwards procured a decree for the specific performance of said award, and filed a bill in equity against J. P. and the maker of the note, to compel a delivery of the note to him, on the ground that it had been taken, detained, secreted or withheld from him, so that it could not be replevied. The bill, as against J. P., was taken *pro confesso.*

*Held,* that the award and decree for specific performance thereof did not transfer to C. the legal interest in the note, and that he could not maintain the bill against the maker.

BILL in equity.    The bill, as amended since the last October term, alleged that the plaintiff, and Joseph Porter and Samuel Everett, before April 1st, 1838, were partners, doing business as such, in the purchase and sale of wood and lumber, at Milton, under the name of Clapp and Everett ; that the partnership had been dissolved, and that said Porter had assigned his interest in the concerns thereof to one John H. Porter ; that a difference of opinion arose among the parties interested, respecting the adjustment of the affairs of said firm, and that the matter in dispute was referred to Edmund J. Baker, Edmund P. Tileston and Henry G. Durell, as arbitrators ; that said arbitrators heard the parties, and made and published their award ; that the partnership funds consisted principally of debts due on note and account ; that some of the notes, constituting the fund of the firm, were made payable to John H. Porter or order ; that by the award of the arbitrators, part of the debts due to the firm, including a note against the said Joel R. Shepard, for about

$22·77, payable to said John H. Porter, or order, were as signed to the plaintiff. The bill further set forth, that in a suit in equity, commenced by the plaintiff, July 25th, 1838, agains. the said Joseph Porter, John H. Porter and Samuel Everett, such proceedings were had, that at the February term, 1839, of this court, held in this county, by a final decree of the court, in said suit, the said Joseph Porter, John H. Porter and Samuel Everett were ordered specifically to perform said award, and forthwith to disclose and deliver to the plaintiff the part of said partnership funds, which had been assigned to him by said award : That about May 10th, 1838, and after the award by said arbitrators, the said Joseph Porter unlawfully took from the plaintiff the said note against said Shepard : That the plaintiff afterwards, about May 20th, 1838, by one Samuel Howe, gave notice to said Shepard that said note had been assigned to him, and cautioned said Shepard against paying the money due on it to any other person : That the said Joseph Porter and Joel R. Shepard, by combining and confederating together, afterwards took and converted said note, so that it could not be replevied. And the plaintiff prayed that the defendants might be required to make answers, upon oath, to the matters of the bill, and ordered to disclose and deliver said note to the plaintiff, and that the said Shepard might be ordered to pay the money due thereon to the plaintiff.

Said Joel R. Shepard, in his answer, denied all combination with said Joseph Porter, but admitted that he purchased lumber of Clapp & Everett, and that on the settlement of the account for the same, February 9th, 1838, he gave his note for $22·77, the balance found due, payable to said John H. Porter, or order, on demand with interest : That subsequently, but the exact time he could not state, said Howe gave him notice that said note had been set off to the plaintiff, and cautioned him not to pay it to any other person : That afterwards, about June 28th, 1838, he received a letter from Hobart & Cummings of Boston, informing him that said note was in their hands, and demanding payment thereof : That about four weeks afterwards, he paid the money, due on said note, to said Hobart and Cummings and

took up the note, which he found to be indorsed in blank in these words — "John H. Porter by his attorney, Joseph Porter."

The said Joseph Porter appeared and demurred to the plaintiff's bill. His demurrer was overruled at the last October term of this court, and upon his neglect to answer the bill, within the time limited by the rules of court for the regulation of practice in chancery, the plaintiff, at the rules before the clerk, on the first Monday of May, 1840, obtained an order that his bill, with regard to said Joseph Porter, be taken for confessed.

*Leland*, for the plaintiff.

*Metcalf*, for Shepard.

Wilde, J. This case was argued at a former term, on demurrer to the bill. Two causes of demurrer were assigned : 1st. That the court had no jurisdiction : 2d. That the bill was defective in not stating specifically in what manner the plaintiff derived his title to the note now claimed by him, and which the defendants were charged with having taken away and concealed. Upon the facts alleged, the court were of opinion that they had jurisdiction, but that the bill was defective for the cause assigned. 23 Pick. 228.

The bill has been since amended, and Shepard, one of the defendants, has filed his answer to the amended bill. Porter, the other defendant, having neglected to file an answer, the bill as to him is to be taken *pro confesso*. Against him, therefore, we are of opinion that the plaintiff is entitled to relief. The only doubt is whether the plaintiff has set forth in his bill such a title to the note in question, as would enable him to maintain an action of replevin therefor. He claims title under an award of arbitrators, assigning this and sundry other notes to him, and a decree of this court, ordering a specific performance of the award. But the award did not operate as an assignment of the notes. Either party had a right to contest the award ; and the remedy against the party refusing to perform it was by an action on the arbitration bond, or by compelling the specific performance of the award. The plaintiff has elected to pursue the lat

ter remedy, by a former bill ; but it does not appear that the defendant has been compelled to comply with the decree of the court in that suit.

It is however averred in the present bill, " that after the award by said arbitrators, the said Joseph Porter unlawfully took from the plaintiff the said note against the said Shepard." This averment must be taken to be true. If Porter had any right or authority to take the note, he should have shown it in defence ; and without such proof, he must be regarded as a stranger. And we can have no doubt, that a party, having the possession of a note or other security, to which he has only an equitable title, may maintain trespass or replevin against a mere stranger, or any one who has not a better title.

But this reasoning and conclusion will not hold good with regard to Shepard, the other defendant. The admission of Porter, either express or implied, is no evidence against Shepard. And there is no proof that the plaintiff ever had possession of the note in question, nor that it was taken from him by Porter. On the contrary, Samuel Howe testifies that after the award, he, as agent of the plaintiff, went to the place where the papers had been deposited at the hearing, for the purpose of taking away those which had been awarded to the plaintiff; and that he was informed, on inquiry, that Joseph Porter, the defendant, had taken them away. He was the agent and attorney of John H Porter, to whom the note in question was payable, and who consequently had the legal title to it.

Now nothing can be more clear than the rule of law, that an equitable assignee of a chose in action cannot maintain an action upon it in his own name. He is not considered in law as the owner, and consequently cannot maintain an action of replevin to recover possession of it against the legal owner.

If this defence had been made by Joseph Porter, it must have prevailed, as he had a right, acting as the attorney of John H. Porter, to retain possession of the notes awarded to the plaintiff, whose remedy was either upon the arbitration bond, or by compelling the performance of the award according to the decree of this court. And if both of these remedies had failed,

that which is now sought could not have been allowed. The doctrine of courts of equity, that whatever has been agreed to be done is to be considered as done, does not apply to the present case.

In order to maintain this bill, the plaintiff must show that he had a legal right to maintain an action of replevin, and that such an action could not be effectually prosecuted, by reason of the concealment of the note by the defendants. This, in respect to Shepard, he has failed to do, and cannot therefore maintain this suit against him.

There is another ground of defence, which would prevail, although it were shown that Joseph Porter took the note from the plaintiff's possession, as is alleged in the bill. In Shepard's answer, it is alleged, that about the 28th of June, 1838, he received from Hobart & Cummings of Boston, a letter, informing him that said note was in their hands, and demanding payment thereof; that he soon after called on said Hobart & Cummings, and found said note in their possession, indorsed in blank by John H. Porter, by his attorney Joseph Porter; and that he afterwards paid the amount of said note to said Hobart & Cummings, and took it up — which note is annexed to the answer.

There is perhaps no sufficient proof of these facts, but they were not denied, and, as I understood at the argument, they were conceded by the plaintiff's counsel. The same facts, substantially, are admitted in writing, in the plaintiff's action against another defendant.*

Now upon these facts, Shepard would not be liable, notwithstanding Joseph Porter had taken the note unlawfully, unless he knew that Hobart & Cummings took the note with knowledge of the unlawful taking by Porter, which is denied in the answer, and which it is incumbent on the plaintiff to prove ; otherwise, Hobart & Cummings must be considered as the *bond fide* hold-

---

* Other similar bills were filed by the plaintiff against several different de
fendants, and the cases were argued at this term, on various grounds of law and
evidence, by *Leland,* for the plaintiff, and by *Cushing, D. A. Simmons, & E.
Ames,* for the respective defendants. Those cases were settled by the decision
in the text.

ers of the note. If, however, the case depended on this ground of defence, Hobart & Cummings should be parties to the bill, and further evidence might be required to ascertain the fact.

There is also another ground of defence, which appears to us conclusive. Before the bill was filed, Shepard had paid his note, and it is immaterial whether it was paid to Hobart & Cummings, or to Joseph Porter. The latter was the attorney of John H. Porter, the legal owner of the note. This was a valid payment, notwithstanding the previous notice of the award. For the award transferred to the plaintiff no title to the notes awarded to him. Before the performance of the award, either party had a right to contest its validity. If the defendant had refused to pay Hobart and Cummings, and an action had been brought against him in the name of John H. Porter, it is very clear that the award would not have availed him in his defence. It is not necessary, however, for the defendant Shepard to rely on these grounds of defence, as the plaintiff has failed to prove such a title as would enable him to maintain an action of replevin ; and without such proof this suit cannot be sustained.

*Bill dismissed as to Shepard.*